# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY JOHNSON, # 38654-044, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-237-JPG |
| | ) |
| DOUGLAS KRUSE, | ) |
| ZELDA BELL, | ) |
| S. MICKELSON, | ) |
| M. WARREN, | ) |
| LIEUTENANT HORZEWSKI, | ) |
| JAMES CROSS, | ) |
| OFFICER MILES, | ) |
| J. ASHMORE, | ) |
| and S. WHITE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is a transgender individual[1] who was an inmate in the FCI-Greenville when she brought this action for alleged violations of her constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). She was recently transferred to the FCI-Terre Haute, Indiana. (Doc. 4). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

---

[1] Plaintiff is transitioning from male to female. The Court will use feminine pronouns to refer to Plaintiff, as she does when referring to herself.

1

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal. However, Plaintiff shall be given an opportunity to submit an amended complaint in order to cure the defects in her pleading.

## **Background**

Plaintiff has a previously-filed action now pending in this Court, *Johnson v. Robinson, et*

*al.*, Case No. 15-cv-298-JPG-RJD.  That case involves allegations that Plaintiff was put at risk of harm by several cell placements, in violation of the Eighth Amendment; and was denied equal protection in her cell assignments, in violation of the Fifth Amendment.  The Defendants in that action are Greenville officials Rosalind Robinson and Waleska Lirios.  Neither of these individuals is named as a Defendant in the case at bar.  However, the statement of facts in the present Complaint includes a number of allegations against Robinson, presumably as background, which duplicate the matters already before this Court in Case No. 15-298.

### **The Complaint**

Plaintiff has been diagnosed with gender dysphoria (GD), and has serious medical needs that require regular medication.  She was deprived of some necessary medication/products for hair removal or to prevent hair growth while at Greenville.  (Doc. 1, p. 3).  Her transgender status makes her vulnerable to assault, abuse, and discrimination, particularly in the prison environment.  "Defendants" (whom Plaintiff refers to collectively throughout the Complaint) knew Plaintiff was diagnosed with GD and was a transgender individual.  Defendants also knew that Plaintiff was HIV-positive and asked her whether she was taking her HIV medication as prescribed.

Rosalind Robinson (a Defendant in Case No. 15-298, who is not named as a Defendant herein) screened Plaintiff upon her arrival at Greenville in July 2012 and was responsible for making Plaintiff's housing assignments.  The first cell chosen by Robinson put Plaintiff in danger from two gang-member cellmates who threatened Plaintiff with physical harm if she entered the cell. (Doc. 1, p. 4).  Next, Plaintiff spent 2 months in an 8-man cell, where her top-bunk placement led to threats and attacks by cellmates because Plaintiff had to use the bathroom frequently at night due to her medical condition.  She often did not make it to the toilet in time,

and accidentally urinated and/or defecated on the inmate who occupied the lower bunk. Robinson ignored Plaintiff's privacy concerns about being housed with 7 other male inmates. Plaintiff also fell off the top bunk and damaged certain implants placed in her body. (Doc. 1, p. 5). Plaintiff was denied a bottom-bunk pass by some unidentified prison official. (Doc. 1, p. 4).

Plaintiff was eventually admitted into Greenville's reentry program and was then placed in a 2-man cell. (Doc. 1, p. 5). In that placement, Plaintiff was celled with a homosexual male inmate (Davis), which was satisfactory to her and Davis. Robinson, however, tried to cause problems between them and encouraged Davis to move out, by disclosing Plaintiff's HIV status to Davis, and causing Davis to be fired from his job and lose good-time credit.

"Defendants" told Plaintiff that "they considered her a male and did not condone or approve of her transgender status." (Doc. 1, p. 5). Such comments, including Defendants' disclosure of Plaintiff's HIV status, were made in the presence of other inmates, "in an attempt to embarrass and humiliate Plaintiff." (Doc. 1, pp. 5-6). Defendants denied Plaintiff's request that she be allowed to participate in the selection of cellmates.

Plaintiff was singled out for cell inspections and had to undergo those inspections more often than other inmates. She asserts these inspections/searches were done in order to harass her or to retaliate against her for "filing complaints." (Doc. 1, p. 5). She was written up for having contraband, and lost good conduct time as well as other privileges as a result.

Plaintiff's email and regular mail has been "interfered with or diverted, including communications with his attorneys in this lawsuit."[2] (Doc. 1, p. 6).

She has been subjected to sexual advances and demands, and threatened with assault if she did not comply. *Id.* Plaintiff informed Defendants of these threats, but was ignored.

---

[2] Plaintiff does not currently have an attorney representing him in the case at bar, but has been appointed counsel in Case No. 15-298-JPG.

4

Defendants verbally harassed and intimidated Plaintiff because of her transgender status, and "routinely" accused her of engaging in sexual activity with other inmates.

Based on these allegations, Plaintiff asserts two claims: (1) Defendants violated her Eighth Amendment rights by failing to provide her with safe housing arrangements (including failing to screen her cellmates for safety concerns), failing to protect her from attacks or threats of assault, and failing to adequately train employees regarding needs of transgender inmates (Doc. 1, pp. 6-7); and (2) Defendants violated her equal protection rights under the Fifth Amendment by treating her differently from other inmates due to her transgender status, disclosing her HIV status to fellow inmates, denying her medication for hair removal/preventing hair growth, harassing/retaliating against her with extra cell inspections/searches, depriving her of good conduct credits, failing to adopt practices to screen transgender inmates for safe housing arrangements, failing to provide her with safe housing, and failing to adequately train employees about transgender inmates' needs. (Doc. 1, p. 8).

Plaintiff seeks monetary damages. (Doc. 1, pp. 7, 9).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Defendants violated Plaintiff's Eighth Amendment rights by failing to protect her from attacks and threats by her cellmates, and failing to train prison staff on needs of transgender inmates;

**Count 2:** Defendants violated Plaintiff's Fifth Amendment right to equal protection by discriminating against her based on her transgender status, in that they disclosed her HIV status, denied her necessary medication, singled her out for more frequent cell inspections/searches, and deprived her of good conduct credits.

Both of the above counts fail to state a claim upon which relief may be granted, and are subject to dismissal.

### Dismissal of Count 1 – Failure to Protect

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, a defendant had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

In Plaintiff's case, some of her factual allegations regarding cell placement may support an Eighth Amendment claim. However, the Complaint, as pled, fails to state an actionable claim

6

against any of the named Defendants. According to Plaintiff's description of the adverse parties, Douglas Kruse is a medical doctor, Zelda Bell is a counselor, S. Mickelson is a case manager, M. Warren is a unit secretary, James Cross is the warden, and Lt. Horzewski, Miles, J. Ashmore, and S. White are all correctional officers. Throughout the statement of claim, Plaintiff does not make a single allegation naming any of these individuals. Instead, she lumps them all together to claim, for example, that she "routinely informed Defendants of the threats to her safety and Defendants ignored same," (Doc. 1, p. 6), and "Defendants" denied her requests to participate in the selection of cellmates. (Doc. 1, p. 5). Other allegations fail to identify whether the alleged wrongful acts were perpetrated by one or more of the Defendants or were caused by other person(s) not named in this action, such as: "Plaintiff requested and was denied a bottom bunk pass." (Doc. 1, p. 4). Some of Plaintiff's factual allegations border on the frivolous when applied to certain of the named Defendants – for example, it is not plausible that the medical doctor (Kruse) played a role in making the cell assignments for Plaintiff that allegedly placed her at risk of harm.

Plaintiffs are required to associate specific defendants with specific factual allegations, so that each defendant is put on notice of the claim(s) brought against him or her, and so the defendant can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant in the case caption or listing the person among the parties is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's

7

name in the caption.").

Based on the generalized allegations against "Defendants" as a group, Plaintiff concludes that "Defendants" failed to protect her from physical attacks and/or threats, failed to take measures to screen her cellmates in order to make a safe housing placement, and failed to adequately train employees on the needs of transgender inmates. (Doc. 1, p. 7). To state an Eighth Amendment claim, however, Plaintiff must show that an individual Defendant was aware of the threat to her safety, yet failed to act despite the official's knowledge of a substantial risk of serious harm to Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Liability in a civil rights action is based on personal liability and predicated upon fault; thus, "to be liable under § 1983 [or in a federal *Bivens* action], the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted); *see also Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (a *Bivens* action is the federal equivalent of a § 1983 civil rights action). In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights.

The only specific factual allegations that appear in Plaintiff's narrative are those against Rosalind Robinson – however, as noted earlier, Robinson is not a Defendant in the instant case. Plaintiff does not allege that any of the other individual Defendants were personally involved in the actions she attributes to Robinson, and Plaintiff does not connect the allegations against Robinson to any of the other individual Defendants herein.

For these reasons, the Complaint fails to state a claim upon which relief may be granted against any of the Defendants for failing to protect Plaintiff from a known risk of harm. **Count 1** shall therefore be dismissed without prejudice.

**Dismissal of Count 2 – Equal Protection/Discrimination**

The Supreme Court has interpreted the Due Process Clause of the Fifth Amendment as forbidding the Federal Government from denying equal protection of the laws. *See Davis v. Passman*, 442 U.S. 228, 234 (1979); *Markham v. White*, 172 F.3d 486, 491 (7th Cir. 1999). An equal protection claim can also be brought under a "class of one" theory, alleging that the plaintiff has been treated differently from others similarly situated without a rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's equal protection/discrimination claim suffers from the same problems as described under Count 1. There are no individualized allegations against any Defendant. Despite giving examples of specific instances of allegedly discriminatory treatment (*e.g.*, singling Plaintiff out for adverse housing placements, denying her medication, subjecting her to increased cell searches and retaliation, interfering with mail, depriving her of good conduct time), Plaintiff fails to identify which Defendants were responsible for any of these distinct actions. And again, it is not plausible that each individual was personally involved in each incident. For example, it is unlikely that the correctional officers would have deprived Plaintiff of medication, or that the doctor would have been involved in diverting Plaintiff's written correspondence with his lawyers.

Plaintiff therefore fails to state an equal protection claim upon which relief may be granted in **Count 2**. This claim shall also be dismissed without prejudice.

Because both claims herein are subject to dismissal, Plaintiff's complaint (Doc. 1) shall be dismissed without prejudice. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in her pleading. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall

be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should she wish to proceed with this case, Plaintiff shall file her First Amended Complaint within 28 days of the entry of this order (on or before **June 8, 2017**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. She should label the pleading "First Amended Complaint" and include Case Number 17-cv-237-JPG. The amended complaint shall present each claim in a separate count as designated by the Court above. In each count, Plaintiff shall specify, *by name*,[3] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that individual Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of her case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must

---

[3] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

also re-file any exhibits she wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing her amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 10, 2017**

s/J. Phil Gilbert
United States District Judge
