# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANTHONY JOHNSON, # 38651-044, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 17-cv-237-JPG-RGD |
| DOUGLAS KRUSE, ZELLDA BELL, JAMES CROSS, OFFICER MILES, S. WHITE, and Mr. ALBERT, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of Defendants' Motion to Sever Claims (Doc. 26). Defendants argue that not all of them are properly joined in the same lawsuit in light of Federal Rule of Civil Procedure 20(a)(2), which provides that defendants may be joined in the same action if (1) the plaintiff asserts at least one claim against each defendant "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" FED. R. CIV. P. 20(a)(2)(A), and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(B).

Defendants filed the motion and mailed a copy to Plaintiff at her address of record at FCI Beckley on December 28, 2017. (Doc. 26, p. 6). More than 14 days have elapsed since that date, and Plaintiff has not submitted a response. *See* SDIL-LR 7.1(g). The Court has some concern over whether Plaintiff in fact received her copy of the motion, in light of the return of the Court's correspondence mailed to her at the FCI-Beckley address on January 18, 2018, as

1

undeliverable. (Doc. 29).[1] The online inmate locator records[2] of the Bureau of Prisons indicate that Plaintiff has been transferred to another prison, but as of the date of this order, Plaintiff has not yet submitted a notice of change of address to the Court. Nonetheless, this motion is ripe for ruling, and shall be granted in part.

Defendants' motion focuses on Counts 5 and 6 in this action, which the Court described in the merits review order as follows:

> **Count 5:** Plaintiff was targeted for discriminatory cell searches and confiscation of her undergarments because of her transgender status, in violation of her right to equal protection, by Bell (in October 2012), Cross and Albert (in March 2014), White (in October 2014), and Miles (in January 2016).
>
> **Count 6:** The confiscation of Plaintiff's undergarments by Bell (in October 2012), Cross and Albert (in March 2014), White (in October 2014), and Miles (in January 2016), constituted deliberate indifference to Plaintiff's serious medical/mental health need for those items to address her gender dysphoria.

(Doc. 11, p. 10). Defendants argue that because of the time that elapsed between the various cell searches, and the fact that each search was conducted by a different individual Defendant (or pair of Defendants in the case of the March 2014 search), the searches should not be considered part of the same "series of transactions or occurrences" within the meaning of Federal Rule of Civil Procedure 20(a)(2). If each cell search is deemed to be a distinct occurrence, then the claims that arose from each search should proceed against the respective Defendant(s) in separate lawsuits.

There is no hard and fast rule to determine whether a set of events is sufficiently logically connected to comprise a "series" of transactions which would allow the claims against multiple Defendants to be properly joined in the same action. *See* Wright, Miller, & Kane, 7 Fed. Prac. & Proc. Civ. § 1653 (3d ed.). Temporal proximity of the events is a factor, but is not the only

---

[1] The returned envelope contained the Court's January 16, 2018, order (Doc. 28) granting Defendants' motion to stay this action until the motion to sever is ruled upon, and to postpone the deadline for Defendants to file their answer to 30 days following the date of the order disposing of the motion to sever.
[2] Https://www.bop.gov/inmateloc/ (last visited February 12, 2018).

consideration. The Court does not adopt Defendants' position that the cell searches were entirely unrelated events. However, upon reconsideration, neither is it clear that the cell searches amounted to a logically related pattern of events sufficient to bring the claims against the various Defendants together under the provisions of Rule 20(a)(2). The Court shall therefore exercise its discretion to sever Plaintiff's claims against some of the Defendants into separate actions, pursuant to Rule 20(a)(2) and Rule 21.

Defendants suggest that this action should be severed into 5 suits, splitting up the claims in Counts 5 and 6 according to the dates when the cell searches were conducted: one case against Cross and Kruse (who are also named together in Counts 1 and 2), one against Bell, one against Miles, one against White, and one against Albert. (*See* Doc. 26, p. 5). However, this proposal overlooks the fact that Albert participated with Cross in the March 2014 cell search that gave rise to part of the claims in Counts 5 and 6.[3] As such, Plaintiff's claims against Cross and Albert arising from the March 2014 search are properly joined in the same action, as are the claims in Counts 1 and 2 against Cross and Kruse.

The claims against Kruse, Cross, and Albert shall therefore remain in this case. The claims against Bell, Miles, and White shall be severed into 3 new cases. Each of the cases shall contain a portion of Counts 5 and 6, corresponding to the dates on which each Defendant searched Plaintiff's cell. Plaintiff **will be responsible for an additional $350.00 filing fee** in each new case.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Sever Claims (Doc. 26) is **GRANTED IN PART** insofar as the claims against Bell, Miles, and White are **SEVERED** into 3 new cases as directed below. The motion is **DENIED IN PART** in that the claims against

---

[3] Defendant's table on page 3 of the motion, which purports to list the Defendants and the counts in which they are named, omits the fact that claims are pending against Cross in Count 6, and against Miles, White, and Albert in Count 5.

Albert shall not be severed, but shall remain in the instant action.

**IT IS FURTHER ORDERED** that the *claims remaining in this action consist of:*

**Count 1:** Dr. Kruse and Warden Cross were deliberately indifferent to Plaintiff's serious medical/mental health needs, in violation of the Eighth Amendment, by discontinuing Plaintiff's prescription medication, refusing to provide alternative medication, denying a lower-bunk permit, and denying hair-removal products, starting in August 2012;

**Count 2:** Dr. Kruse and Warden Cross violated Plaintiff's Fifth Amendment right to equal protection by discriminating against her based on her transgender status, by denying her medical care/accommodations as described in Count 1;

**Count 3:** Albert discriminated against Plaintiff based on her transgender status when he denied her commissary request for hair-removal products;

**Count 5:** Plaintiff was targeted for a discriminatory cell search and confiscation of her undergarments because of her transgender status, in violation of her right to equal protection, by Cross and Albert in March 2014;

**Count 6:** The confiscation of Plaintiff's undergarments by Cross and Albert in March 2014 constituted deliberate indifference to Plaintiff's serious medical/mental health need for those items to address her gender dysphoria;

**Count 7:** Cross confiscated (or directed others to confiscate) Plaintiff's undergarments during the March 2014 cell search in retaliation for Plaintiff's administrative complaints, in violation of the First Amendment.

This case shall now be captioned as: **ANTHONY DEWAYNE JOHNSON, Plaintiff, vs. DOUGLAS KRUSE, JAMES CROSS, and MR. ALBERT, Defendants.**

**IT IS FURTHER ORDERED** that the claims against Bell, Miles, and White shall be severed into 3 new cases as follows:

**First Severed Case (Zellda Bell):**

**Count 5:** Plaintiff was targeted for a discriminatory cell search and confiscation of her undergarments because of her transgender status, in violation of her right to equal protection, by Bell in October 2012;

**Count 6:** The confiscation of Plaintiff's undergarments by Bell in October 2012, constituted deliberate indifference to Plaintiff's serious medical/mental health need for those items to address her gender dysphoria;

**Count 8:** Bell violated Plaintiff's right to equal protection by refusing to take protective or remedial action after Plaintiff reported a sexual assault on her in October 2012, because of Plaintiff's transgender status;

**Count 10:** Bell retaliated against Plaintiff for filing complaints against Bell, by revoking Plaintiff's privileges (including phone, e-mail, and visits) after Plaintiff was discharged from the SHU and placed in unit H2-A;

**Count 11:** Bell discriminated against Plaintiff based on her transgender status, by revoking Plaintiff's privileges (including phone, e-mail, and visits) after Plaintiff was discharged from the SHU and placed in unit H2-A.

**Second Severed Case (S. White):**

**Count 5:** Plaintiff was targeted for a discriminatory cell search and confiscation of her undergarments because of her transgender status, in violation of her right to equal protection, by White in October 2014;

**Count 6:** The confiscation of Plaintiff's undergarments by White in October 2014 constituted deliberate indifference to Plaintiff's serious medical/mental health need for those items to address her gender dysphoria.

**Third Severed Case (Officer Miles):**

**Count 5:** Plaintiff was targeted for a discriminatory cell search and confiscation of her undergarments because of her transgender status, in violation of her right to equal protection, by Miles in January 2016;

**Count 6:** The confiscation of Plaintiff's undergarments by Miles in January 2016 constituted deliberate indifference to Plaintiff's serious medical/mental health need for those items to address her gender dysphoria.

In each new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order
(2) The Memorandum and Order at Doc. 11
(3) The First Amended Complaint and exhibits (Doc. 9)
(4) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

**IT IS FURTHER ORDERED** that Defendants **BELL, MILES, and WHITE** are **TERMINATED** from *this* action with prejudice.

Because each of the claims listed above has survived the Court's merits review pursuant to 28 U.S.C.§ 1915A (Doc. 11), an order may be entered referring each newly severed case to a United States Magistrate Judge for further pretrial proceedings as soon as the new cases are opened, given case numbers, and assigned to a judge.

**IT IS FURTHER ORDERED** that the stay imposed in this case on January 16, 2018 (Doc. 28) is lifted. Defendants shall file their Answers or otherwise plead in this case, or in their respective severed cases, within 30 days from the date of this Order.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff at the FCI-Schuylkill, P.O. Box 759, Minersville, PA 17954, as a courtesy. Plaintiff is **REMINDED** that it is her responsibility to notify the Clerk of Court and each opposing party, in writing, of all changes of address within 7 days of the change. Failure to do so may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 13, 2018**

*s/J. Phil Gilbert*
United States District Judge